UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Verdette Page,<br>　　　　Plaintiff(s),<br>v.<br>The Kroger Co.,<br>　　　　Defendant(s). | Case No. 2:24-cv-01658-CDS-NJK<br>**Order**<br>[Docket No. 24] |

Pending before the Court is Defendant's motion to exclude roughly $400,000 in damages as untimely disclosed. Docket No. 24. Also pending before the Court is Plaintiff's motion for surreply. Docket No. 28. Both motions have been fully briefed. Trial is set for February 12, 2026. Docket No. 23.

In this case, the record shows that Defendant has been on notice of Plaintiff's additional surgery <u>even before it removed this case to federal court</u>. *See, e.g.*, Docket No. 1-1 at 34, 35, 39 (Defendant's own removal papers filed on September 6, 2024). Discovery remained open for months thereafter. *See* Docket No. 13 at 3 (setting discovery cutoff for January 15, 2025). The disclosure being challenged was made in April 2025, *see, e.g.*, Docket No. 24 at 10, which is ten months before the scheduled trial date, Docket No. 23. Defendant filed the instant motion on August 28, 2025, seeking the severe remedy of striking hundreds of thousands of dollars in damages and rebuffing Plaintiff's overtures at compromise aimed at ameliorating any harm in the timing of the formal disclosure. *See* Docket No. 24.

A few years ago, the undersigned issued a lengthy decision recognizing dissonance in the caselaw in this District regarding motions to strike late-disclosed computations of damages and providing an extensive discussion of the undersigned's understanding of the law. *See Silvagni v.*

*Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017). In one portion of that decision, the Court explained as follows:

> In practice, exclusion sanctions are generally limited to "extreme situations." *See Tutor–Saliba*, 218 F.R.D. at 220–21; *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (exclusion sanctions are harsh remedies that "should be imposed only in rare situations"). Absent a showing of bad faith or other misconduct, courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure. Hence, "[c]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Jackson*, 278 F.R.D. at 594. "Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery." *Jones*, 2016 WL 1248707, at *7 (citing *Granados v. N. Nev. High Speed, LLC*, Case No. 3:14-cv-00081-LRH-VPC, 2014 WL 5503118, at *5 (D. Nev. Oct. 30, 2014)); *see also Wilson v. Wal–Mart Stores, Inc.*, Case No. 2:15-cv-01791-RCJ-VCF, 2016 WL 4699693, at *3 (D. Nev. Sept. 7, 2016) (concluding that, even assuming a violation, the spirit of Rule 1 required extending discovery rather than excluding the vast majority of the plaintiff's claimed damages). "[E]ven in cases involving very belated disclosures of damages computations, the court should consider the degree of willfulness or bad faith by the plaintiff in failing to make the disclosure, the availability of lesser sanctions and other orders to prevent prejudice to the other party caused by the late disclosures." *Jones*, 2016 WL 1248707, at *7.
>
> There is good reason for courts to impose exclusion sanctions sparingly. Courts universally recognize the strong preference for deciding cases on the merits whenever reasonably possible. *E.g., Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To that end, the discovery process should be marked by the practical cooperation of counsel to move the case beyond the discovery phase to summary judgment motions and trial so that the matter can be adjudicated on its merits. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015). The parties themselves have a duty to work cooperatively toward the just, speedy, and inexpensive resolution of the litigation. *See* Fed. R. Civ. P. 1; *see also Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603–04 (D. Nev. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure). It must be emphasized that the initial disclosure requirements are meant to provide necessary information to create a balanced playing field, and sanctions serve as a deterrent to parties seeking to avoid those obligations. These Rules should not be viewed as procedural weapons through which parties seek to gain a tactical litigation advantage. The focus of defense counsel should be "work[ing] out agreements that will reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits," rather than automatically resorting to motions for

exclusion sanctions. *Jones*, 2016 WL 1248707, at *7; *see also* Docket No. 18 at 2 (highlighting this sentiment in this case to guide the conduct of counsel moving forward). An overly strict application of Rule 37(c)'s exclusion provision would incentivize defendants to shirk these duties and to instead focus their efforts on laying the groundwork for a later motion to exclude.

*Silvagni*, 320 F.R.D. at 243 (footnotes excluded). In a footnote toward the end of this section, the Court also explained in plain terms that "courts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action in either obtaining a stipulation with opposing counsel or moving the Court for relief." *Id.* at 243 n.7. Although relied upon repeatedly by Plaintiff, *see* Docket No. 26 (citing *Silvagni* 15 times), Defendant has apparently chosen to ignore the Court's earlier order in its own briefing.[1]

The Court does not herein resolve the parties' motion practice. The Court issues this order to give defense counsel an opportunity to carefully consider the relevant legal authority and decide if Defendant truly wants the motion practice to be decided on its merits or if Defendant wants to

---

[1] Defendant relies on the decision in *Wilson v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. Lexis 37106, at *5 (D. Nev. Mar. 21, 2016), *see* Docket No. 24 at 3, which was <u>reversed</u> because the magistrate judge was found to have applied the exclusion remedy too harshly:

> In this case, however, the Court respectfully finds that the Magistrate Judge's ruling under Rule 37(c) was clearly erroneous. Here, the disputed disclosures were not made nearly as late as in *Montilla*. The Court accepts Plaintiff's argument that she did not know from her experts that she would require future medical care or household services until immediately before she made her Fifth Supplemental Disclosure on January 20, 2015. And to the extent she should have known this based on her knowledge of her spinal surgery, <u>Defendant should also have known that those types of damages would be sought, and it knew of Plaintiff's spinal surgery four months before the discovery cut-off date</u>. In summary, the Court finds that Plaintiff did not "fail[] to provide information or identify a witness as required by Rule 26(a) or (e)" under Rule 37(c)(1), because she made the relevant disclosures reasonably promptly under Rule 26(e). <u>Even assuming a violation, in the spirit of Rule 1, Defendant's concerns over trial strategy could have been alleviated and the disclosure failure rendered harmless by extending discovery if necessary (and perhaps charging the cost to Plaintiff), options still available to the Magistrate Judge, as the injustice of excluding the vast majority of Plaintiff's claimed damages outweighs the additional time and cost, even if Defendant were made to bear it.</u>

*Wilson v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. Lexis 120601, at *8-9 (D. Nev. Sept. 7, 2016) (emphasis added).

3

explore compromise and file a stipulation for judicial approval to resolve its underlying concerns. No later than November 10, 2025, Defendant must file either (1) a stipulation to withdraw the pending motion that proposes discovery relief to which the parties agree, or (2) a notice that Defendant wishes to proceed with resolution of the motion as already filed.[2]

IT IS SO ORDERED.

Dated: October 28, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] To be perfectly clear, the Court is <u>not</u> inviting further argument from Defendant as to the pending motion. If Defendant continues to seek resolution of its motion under the latter option, the notice so indicated shall not include any further argument of any kind.